Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff*
Wilmer Mangandi

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILMER MANGANDI,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC.,**<br><br>Defendant. | Case No: **'18CV1797 AJB BGS**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. 1681, et seq.**<br><br>**JURY TRIAL DEMANDED** |

//

## Introduction

1. Wilmer Mangandi ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Equifax Information Services, LLC ("Defendant" or "Equifax"), for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ("FCRA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

2. Defendant is a "consumer reporting agency" under the FCRA that provides consumers with their credit reports. The FCRA-governed content of these credit reports is determined by the secretion of consumer reporting agencies such as Defendant. Defendant continuously misrepresents the source of the public record information (such as bankruptcies and civil judgments) Defendant publishes on credit reports ("Public Record Information") in order to circumvent costs associated with purchasing the records from the actual source in violation of 15 U.S.C. § 168lg(a)(2).

3. Defendant works closely with vendors such as LexisNexis to obtain the Public Record Information, then Defendant represents on credit reports, that the Public Record Information originated from a public record such as a court or government entity, rather than the actual source, which is LexisNexis or another vendor.

4. This practice deceives consumers and limits consumers' access to the true source of Public Record Information, therefore preventing consumers from directly addressing the true source of Public Record Information in order to ameliorate any errors if they should occur.

## JURISDICTION & VENUE

5. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

7. Venue is also proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction.

## PARTIES & DEFINITIONS

8. Plaintiff is, and at all times mentioned herein a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

9. Plaintiff is informed and believes, and thereon alleges, that Equifax Information Services, LLC is, and at all times mentioned herein was, a limited liability company registered in Georgia with its principal place of business located in Georgia.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

10. The causes of action herein pertain to Plaintiff's "consumer credit reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA, in that inaccurate misrepresentations of Plaintiff's information were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among

other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

## FACTUAL ALLEGATIONS

11. Equifax is a FCRA-governed "consumer reporting agency" that selectively decides which information to provide to consumers that request the FCRA-governed information in Defendant's possession and which information it will hide from consumers. Defendant withholds certain information in order to minimize its compliance costs and to avoid customer service inquiries directed at them and their business partners or private vendors. As mentioned above, these private vendors and/or business partners include companies like LexisNexis, a third party that sells public record information to Defendant and then, in turn, processes disputes regarding that public record information via the "ACDV" system.

12. Upon information and belief, Defendant misrepresents the source of consumers' bankruptcy Public Record Information by falsely stating that a given courthouse is the source of the Public Record Information, while affirmatively hiding the true source of the Public Record Information.

13. Upon information and belief, Defendant does not obtain its Public Record Information about bankruptcies form courthouses or actual government entities.

14. Defendant obtains information about bankruptcies, court judgments, and liens from private vendors such as LexisNexis.

15. The Public Record Information provided on Equifax credit reports is not the actual court record, rather, an abbreviated version of the Public Record Information, which does not contain all the information in actual public records such as those of courthouses or the government.  This leads to a large number of mistakes reflected in the Public Record Information on consumers' Equifax credit reports.

16. The mistakes in consumer credit reports are seen by anyone that requests that consumer's file, and oftentimes cause injury to that consumer.
17. The FCRA requires credit reporting agencies including Defendant to "clearly and accurately disclose to the consumer the sources of the information" in the consumer's credit report under 15 U.S.C. § 1681g(a)(2).
18. It is imperative that consumers know the true source of the Public Record Information in their credit reports and have the ability to directly address the true source of Public Record Information in order to ameliorate any mistakes in the Public Record Information on credit reports.
19. On or around June 27, 2016, Plaintiff checked his Equifax credit report and the Public Record Information listed the source of Plaintiff's Chapter 7 bankruptcy information as "US Bankruptcy Court-San Diego; Case or ID # - 1402255; Type - Personal; Filer - Individual; Current Disposition - Discharged CH-7; Current Disposition Date 07/01/2014; Date Reported 07/03/2014; Prior Disposition - Voluntary CH-7;Address: 325 W F ST SAN DIEGO, CA 92101-6017 : (619)557-5620", rather than LexisNexis, the actual source of the information.
20. The "Case or ID #" is not even the correct format for a bankruptcy case number.
21. On September 21, 2016, Plaintiff mailed his Exclusion Request in order to opt out of the settlement of James Jenkins v. Equifax Information Services, LLC.
22. On information and belief, Defendant did not obtain its Public Record Information concerning Plaintiff from the U.S. Bankruptcy Court. It would be far too costly and cumbersome for Defendant to obtain that information directly from the court, if it is even possible.
23. Bankruptcy courts have converted to electronic files and filing and now use ECF and PACER. The bankruptcy courts do not have paper files for all the bankruptcies that can be pulled to gather public record information.
24. Upon information and belief, Defendant obtained its Public Record Information concerning Plaintiff from one of its private vendors and/or business partners

such as LexisNexis that most likely obtains the information from PACER and then processes and organizes the information so Defendant or LexisNexis can pair the information with consumer files.

25. Defendant never identified LexisNexis or any other vendor as the source of the public record information that makes its way into the consumer credit files that it sells, or any of the other less publicized marketing or risk assessment databases that it maintains.

26. Defendant unambiguously deprived Plaintiff of the true source of the valuable Public Record Information, in violation of the FCRA.

27. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681g(a)(2):

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

28. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

> (a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the

information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].

(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## FIRST CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

31. As a credit reporting agency, Equifax is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.

32. Equifax violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff the sources that supplied any information to the credit-reporting agency about Plaintiff.

33. Plaintiff is informed and believes that Equifax violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiff reported.

1  34. As a result of the violation of the FCRA, Plaintiff is entitled to actual damages,
2  pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs
3  pursuant to 15 U.S.C. § 1681o(a)(2).
4  35. As a result of the willful violation of the FCRA, Plaintiff is also entitled to and
5  seek actual damages of $100.00 to $1,000.00 per violation and such amount as
6  the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages
7  as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable
8  attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION
## NEGLIGENCE

11  36. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above
12  paragraphs of this Complaint as though fully stated herein.
13  37. Defendant owed a duty of care to Plaintiff to provide Plaintiff with accurate and
14  true information on his credit reports.
15  38. Defendant negligently failed to take affirmative steps to provide Plaintiff with
16  accurate and true information on his credit reports.
17  39. Defendant's conduct proximately caused injuries to Plaintiff.
18  40. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual
19  damages in an amount to be established at trial.

## PRAYER FOR RELIEF

21  **WHEREFORE**, Plaintiff prays for judgment as follows against Defendant:

## FIRST CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation, per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);



- Injunctive relief to command Equifax to correct the information furnished on Plaintiff's credit reports and prohibit them from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

- As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial; and
- Any and all other relief that the arbitrator deems just and proper.

### Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Date: 7/30/18                                                                 Hyde & Swigart, APC

                                                                              By: /s/ Joshua B. Swigart
                                                                                  Joshua B. Swigart, Esq.
                                                                                  Attorney For Plaintiff

**Additional Attorneys**

**Kazerouni Law Group, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**Law Office of Daniel G. Shay**
Daniel G. Shay (State Bar No. 250548)
DanielShay@SanDiegoBankruptcyNow.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292